# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA**

vs.  Case No.  **8:08-CR-522-T-27TBM**
  **8:08-CR-523-T-27EAJ**

**CHRISTOPHER C. SMITH**

_____/

## ORDER

**BEFORE THE COURT** is Defendant's "Objection to the Court's Report and Recommendation Pertaining to this Defendant's Motion to Proceed In Forma Pauperis (Dkt. 31). Defendant's objection is overruled. The Magistrate Judge's Report and Recommendation (Dkt. 29) is adopted and approved in all respects.[1]

### PROCEDURAL BACKGROUND

On October 23, 2014, the U.S. Probation office secured a warrant for Defendant's arrest for violating his supervised release. Defendant was serving and continues to serve a state sentence. In this court, Defendant first moved to expedite his revocation hearing, which was denied (Dkts. 20, 21). He then moved to dismiss, arguing that his state court sentence was sufficient to satisfy 18 U.S.C. § 3553(a) and that he has been "adequately punished" (Dkt. 22, p. 3-4). In the alternative, he requested an 18 month home detention sanction "in lieu of further incarceration" and offered to waive the revocation hearing and be sanctioned *in abstentia*." (Id., p. 5). The motion was denied. He appeals and moves to proceed *in forma pauperis*. The Magistrate Judge recommends that his motion be denied.

### DISCUSSION

The Magistrate Judge found that Defendant's appeal is not taken in good faith. I agree. An appeal is not taken in good faith when it raises only a frivolous issue, that is, a legal theory

---

[1] A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions to which objection is made are reviewed *de novo*. 28 U.S.C. § 636(b)(1)(C).

that is "indisputably meritless." *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993). In denying the motion to dismiss, this court applied Circuit precedent holding that a supervised release violation hearing need not be conducted until the movant completes his state sentence and is taken into federal custody. (Dkt. 23, *citing United States v. Cunningham,* 150 Fed. App'x 994 (11th Cir. 2005)). An appeal of that ruling is indisputably meritless, and therefore is not taken in good faith. *See* 28 U.S.C. § 1915 (3)(A) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").

With respect to Defendant's contention that the Magistrate Judge erred in finding that his showing of indigence was deficient, the Magistrate Judge based his recommendation on the absence of good faith, not his financial status. And to the extent he complains that this court did not address every argument he made in his motion, that contention is belied by substance of the order and *Cunningham, supra.* Defendant's reliance on Rule 32.1, Fed.R.Crim.P. is misplaced. "Rule 32.1 is triggered only when the defendant is taken into federal *custody* for violations of supervised release, not by issuance of a warrant for the defendant's arrest." *United States v. Cunningham,* 150 F. App'x at 996 (emphasis in original); *see also Moody v. Daggett,* 429 U.S. 78, 89, 97 S. Ct. 274, 280, 50 L. Ed. 2d 236 (1976) (Commission has no constitutional duty to provide petitioner an adversary parole hearing until he is taken into custody as a parole violator by execution of the warrant).

**DONE AND ORDERED** this 24th day of March, 2016.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Defendant
Counsel of Record